**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

**FILED**

OCT 19 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| VANESSA RACINE, | No. 14-16707 |
| Plaintiff-Appellant, | D.C. No. 2:10-cv-01651-LDG-VCF |
| v. | |
| PHW LAS VEGAS, LLC, DBA Planet Hollywood Resort and Casino; PHW MANAGER, LLC, | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Lloyd D. George, District Judge, Presiding

Submitted October 17, 2016**
San Francisco, California

Before: HAWKINS, CALLAHAN, and HURWITZ, Circuit Judges.

In this diversity action, Vanessa Racine sued PHW Las Vegas, LLC and PHW

Manager, LLC (collectively, "Planet Hollywood") for failing to prevent her from

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

being assaulted at the Las Vegas Planet Hollywood hotel. The district court granted summary judgment for Planet Hollywood, and we affirm.

1. To establish negligence under Nevada law, Racine was required to offer evidence that "[p]rior incidents of similar wrongful acts occurred on the premises" or that Planet Hollywood "failed to exercise due care." Nev. Rev. Stat. § 651.015(3). The prior incidents she identified, however, either did not occur in the hotel towers of the Planet Hollywood property or involved different levels of violence, and thus were not sufficiently "similar" wrongful acts. *See Estate of Smith ex rel. Smith v. Mahoney's Silver Nugget, Inc.*, 265 P.3d 688, 692–93 (Nev. 2011). Moreover, Planet Hollywood's failure to locate and apprehend the assailant within fifteen minutes of learning of a previous assault on Planet Hollywood property was not a failure to exercise due care. *See id.* at 691–92 (defining due care as "minimum precautions").

2. Nor did Racine present evidence that Planet Hollywood acted with gross negligence, defined in Nevada as without "even a slight degree of care." *Hart v. Kline*, 116 P.2d 672, 674 (Nev. 1941). Planet Hollywood's on-site security officers timely responded to initial complaints about the assailant made earlier that night and promptly contacted local police.

3. Having failed to establish a right to compensatory damages, Racine was not entitled to punitive damages. *See* Nev. Rev. Stat. § 42.005(1) (permitting punitive damages "in addition to the compensatory damages").

**AFFIRMED.**